SAMUEL INSULL, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET A. INSULL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAMUEL INSULL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 68001–68003, 68503–68505.   Promulgated August 1, 1935.

*Laurence Graves, Esq.*, for the petitioners.

*Allin H. Pierce, Esq.*, and *Irving M. Tullar, Esq.*, for the respondent.

SUPPLEMENTAL OPINION.

SMITH: In our opinion promulgated in the above entitled proceedings on February 14, 1935, 32 B. T. A. 47, we held that the proceeds received by the petitioners from the sale of rights received by the petitioners in August 1930 to subscribe for additional shares of the

common capital stock of Insull Utility Investments, Inc., constituted ordinary gains and not capital net gains.

The facts bearing upon this point are fully covered in the written stipulation of facts filed by the parties. Prior to December 27, 1928, the date upon which a charter for Insull Utility Investments, Inc., was obtained under the laws of the State of Illinois, the petitioners were the owners of large blocks of stock utility companies operating in the city of Chicago and its immediate vicinity. Most of such shares had been held by the petitioners for a period of more than two years prior to December 27, 1928. Upon the organization of Insull Utility Investments, Inc., the petitioners turned in their shares of stock to Insull Utility Investments, Inc., for shares of preferred stock, first series, and common stock of that company. Such exchange constituted a nontaxable exchange under the provisions of the Revenue Act of 1928.

Subsequent to the organization of Insull Utility Investments, Inc., the petitioners received small stock dividends upon their shares of stock in that company. On August 30, 1930, Insull Utility Investments, Inc., issued rights to the holders of its common and preferred stock of record on November 30, 1930, to subscribe for additional shares of its common stock at $50 per share on or prior to September 15, 1930. The petitioners did not exercise those subscription rights, but on September 13, 1930, exchanged them for common stock of the Corporation Securities Co., which at that date had a stipulated value of $23 per share. The petitioners and the respondent have treated this exchange as the equivalent of a sale. The question for decision by the Board is whether the proceeds from the exchange or sale of the rights constituted capital gain or ordinary income.

In our opinion (32 B. T. A. 47) we sustained the contention of the respondent that the gains were ordinary income and not capital net gains.

In *Bradley W. Palmer*, 32 B. T. A. 550, we held that where a person received subscription rights on shares of stock which he had held for more than two years and did not exercise such rights but sold them, the proceeds of the sale constituted capital net gain and not ordinary income. The question is raised whether a like conclusion should be reached here, where the facts are that the stockholder had not held the shares of stock of Insull Utility Investments, Inc., for a period of two full years, but the period of such holding added to the period of holding the shares of public utility companies exchanged for shares of stock of Insull Utility Investments, Inc., in a nontaxable transaction amounted to more than two full years.

If the subscription rights sold on September 13, 1930, were received on capital assets of the petitioners, the net proceeds from the sale

constitute capital net gain within the meaning of section 101 of the Revenue Act of 1928. *Bradley W. Palmer, supra.*

" Capital assets " are defined in section 101 (c) (8) of the Revenue Act of 1928 as meaning:

\* \* \* property held by the taxpayer for more than two years \* \* \*

(A) In determining the period for which the taxpayer has held property received on an exchange there shall be included the period for which he held the property exchanged, if under the provisions of section 113, the property received has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in the hands as the property exchanged.

We have held in our opinion (32 B. T. A. 47) that the shares of stock of Insull Utility Investments, Inc., were received by the petitioners in January 1929, in a nontaxable exchange. See section 113 (a) (8) of the Revenue Act of 1928. It therefore follows that, where the period of holding by the petitioners of the shares of stock of Insull Utility Investments, Inc., added to the period for which shares of stock of other companies exchanged for those shares amounted to more than two years, the holdings of the petitioners of shares of stock of Insull Utility Investments, Inc., constituted capital assets. This is the situation except as to a very small number of the shares of Insull Utility Investments, Inc., stock held by the petitioners. As to the proceeds from the sale of rights identifiable with shares purchased upon the exercise of rights within two years from September 13, 1930, such proceeds are taxable as ordinary income.

This supplemental opinion is substituted for our supplemental opinion promulgated April 30, 1935, 32 B. T. A. 567, and modifies our opinion promulgated February 14, 1935, 32 B. T. A. 47.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

